■ LEONARD J. SIMON et al., Copartners Doing Business as GREAT LAKES WHOLESALE DRY GOODS CO., Respondents, v. JACOB COAHN et al., Copartners Doing Business as JACK'S CLOTHING STORE, Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Erie Special Term denying defendants' motion to vacate a judgment in favor of plaintiffs and to open defendants' default.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ ROWE ELECTRIC SUPPLY CO., INC., Respondent, v. ROBERT SIMPSON, Appellant.— Order insofar as appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Memorandum: A notice of motion to vacate or modify a notice to take testimony by deposition must specify "the grounds of the motion" (Rules Civ. Prac., rule 124). The notice of motion in this case states that it is "upon the ground that as a matter of law the defendant is not entitled to the examination upon matters with reference to which the examination is sought." On the present record it cannot be said "as a matter of law" that defendant was not entitled to the examination sought. The notice of motion in that form, however, did not preclude the Special Term from considering whether the examination related to material and necessary items and whether it would subserve the interests of justice (rule 124). The relationship between plaintiff and Marlou Lights, Inc., and the authority of the latter to represent the former, are material questions in view of the third and sixth partial defenses, which allege modifications in the contract agreed to by the plaintiff, "its agents, servants and subcontractors". There has been no showing of any reason why the examination would not subserve the interests of justice. The order should be reversed and the motion denied. If the parties are unable to agree upon the time and place of the examination, an application may be presented to Special Term. All concur. (Appeal from part of an order of Monroe Special Term vacating and modifying in part defendant's motion to examine plaintiff before trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.